O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WESLEY CLARENCE MINTON, | ) | No. EDCV 08-615-ABC (OP) |
| Plaintiff, | ) | |
| v. | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| MR. MUGIISHI, APPEALS COORDINATOR, ET AL., | ) ) ) | |
| Defendant. | ) | |

**I.**

**Introduction and Background**

On June 6, 2008, Wesley Clarence Minton ("Plaintiff"), filed a pro se Civil Rights Complaint was filed pursuant to 42 U.S.C. § 1983, after being granted leave to proceed in forma pauperis. At the time of the filing of the Complaint, Plaintiff was housed at the California Rehabilitation Center in Norco, California. On June 30, 20008, Plaintiff filed a request for appointment of counsel. Based on the address listed in the request, the Court is informed that Plaintiff has been transferred to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi.

/ / /

/ / /

/ / /

## II.

## Standard of Review

**A.  PLRA Screening.**

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the First Amended Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1).  The Court's screening of the pleading under the foregoing statutes is governed by the certain standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Since plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

**B.  Leave to Amend.**

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the

2

complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

### III.
### Summary of Plaintiff's Allegations

The Complaint names as Defendants the California Rehabilitation Center ("CRC") Norco, California Department of Corrections and Rehabilitation ("CDCR") Director Tilton, CRC Warden Martell, CRC Chief Deputy Warden Garcia, CRC Associate Warden Certo, CRC Correctional Counselor Lakin, and CRC Appeals Coordinator Mugiishi.  (See Complaint at 3-5.)  All Defendants are being sued in their individual and official capacities.  (Id.)  Plaintiff seeks relief in the form of monetary damages and injunctive relief.  (Id. at 6.)

Plaintiff alleges that his constitutional rights have been violated due to his transfer to an out-of-state prison.  Such transfer has prevented him from properly litigating the habeas corpus petition Plaintiff currently has pending in this Court.  (Complaint at unnumbered pp. 1-3.)  The Court takes judicial notice that Plaintiff currently has a habeas corpus petition pending in this Court in the case entitled Wesley Clarence Minton v. Victor M. Almager, EDCV 07-29-GW (OP).  Plaintiff further alleges that the transfer has prevented him from participating in the vocational programs offered at CRC and, thus, prevents him from completing his rehabilitation.  (Id. at unnumbered pp.4-7.)

### IV.
### Discussion

**A.    The Complaint is Subject to Dismissal based on the Eleventh Amendment.**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

3

any Foreign State." U.S. Const. amend. XI.  Immunity from suit under the Eleventh Amendment further extends to suits by citizens against their own state.  Holz v. Nenana City Public School Dist., 347 F.3d 1176, 1180 (9th Cir. 2003).  The United States Supreme Court has held that a suit against a state employee acting in his official capacity is tantamount to a lawsuit against the state.  See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  Furthermore, a § 1983 action may not be maintained against official capacity defendants because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

The Complaint names as Defendants the CDCR Director Tilton, CRC Norco, CRC Warden Martell, CRC Chief Deputy Warden Garcia, CRC Associate Warden Certo, CRC Correctional Counselor Lakin, and CRC Appeals Coordinator Mugiishi.  (See Complaint at 3-5.)  All Defendants are being sued in their individual and official capacities.  (Id.)  Plaintiff seeks relief in the form of monetary damages and injunctive relief.  (Id. at 6.)  To the extent Defendants are being sued for damages in their official capacities, the Eleventh Amendment bars such claims.

**B.    The Complaint is Subject to Dismissal for Failure to State a Claim.**

Federal courts do not sit to supervise state prisons, the administration of which is acute interest  to the States.  Meachum v. Fano, 427 U.S. 215, 229, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976) (citing Preiser v. Rodriguez, 411 U.S. 475, 491-492, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)).  The Constitution does not guarantee that a convicted prisoner will be placed in any particular prison if the State has more than one correctional institution. Id. at 224.  Neither does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Id. at 225; see also White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (State prisoner's transfer from Washington state prison to a privately-run prison in Colorado did not violate any independent substantive liberty interest protected by the Due Process

Clause); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility). Fajeriak v. McGinnis, 493 F.2d 468, 470 (9th Cir. 1974) (allegation that nonconsensual interstate prison transfers violated due process did not state a claim for relief); Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (prisoner's rights not violated by transfer to out-of-state prison). To the extent Plaintiff alleges a due process violation as a result of a possible transfer to an out of state prison, he fails to state a claim upon which relief can be granted. Thus, the Complaint is subject to dismissal.

## V.

## Conclusion

Based on the foregoing, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

If Plaintiff still wishes to pursue this action, he shall have thirty (30) days from the date of this Order within which to file a First Amended Complaint, attempting to cure the defects in the Complaint. The First Amended Complaint shall be complete in itself and must remedy the deficiencies discussed. Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated. Furthermore, Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his Second Amended Complaint. The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form. The First Amended Complaint shall not refer to the original Complaint.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

Plaintiff's request for appointment of counsel is also denied without prejudice.

**IT IS SO ORDERED.**

DATED:  August 15, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge